# Clark, Appellant, *v.* Pittsburg & Lake Erie Railroad Company.

*Negligence—Railroads—Master and servant—Fellow servant—Brakeman.*

In an action by a brakeman against his employer, a railroad company, to recover damages for personal injuries, binding instructions for the defendant are proper where the evidence shows that plaintiff was brushed off the side of a moving car by another car standing on a switch at a point not past the danger post, and that all cars were placed upon sidings by crews in the employ of the defendant company, consisting of a conductor, engineer, fireman and brakeman. In such a case plaintiff's injuries were the result of the negligence of a fellow servant, and he cannot therefore recover.

Argued Oct. 13, 1909. Appeal, No. 69, Oct. T., 1909, by plaintiff, from judgment of C. P. Lawrence Co., Dec. T., 1905, No. 13, on verdict for defendant non obstante veredicto in case of Fred Clark v. Pittsburg & Lake Erie Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before W. E. PORTER, P. J.

At the trial the jury returned a verdict for plaintiff for $4,525.35.

On motion for judgment for defendant non obstante veredicto W. E. PORTER, P. J., filed the following opinion:

This case is now before us upon a motion for judgment non obstante veredicto and an examination of the evidence leads us to the conclusion that we should have given binding instructions upon the trial of the case, and that we should now grant the motion for said judgment.

The plaintiff was employed by the defendant as a brakeman with a yard crew in the city of New Castle and was so employed at the time of his injury. The evidence shows that he was brushed off the side of a moving car by another car which was standing on a switch, the latter car not having been pushed in upon the switch past the danger post. And while it does not appear who the individuals were who pushed this car onto the siding, yet it is in evidence that all cars were placed upon sidings by crews in the employ of the defendant company, consisting of a conductor, engineer, fireman and brakeman. And even if this did not appear in evidence we could not presume the car was negligently placed in the position that it was found to be in by others than those whom common experience teaches us ordinarily perform the duty of placing cars upon switches, viz.: a crew generally consisting of a conductor, engineer, fireman and brakeman. And if the car was placed in the position in which it was found by any member or all of a crew consisting of a conductor, engineer, fireman and brakeman in the employ of the defend-

CLARK, Appellant, *v.* PITTSBURG, ETC., R. R. CO. 39

ant, then it was negligently placed there by a coemployee and being placed there by a coemployee the injuries to the plaintiff were the result of the negligence of the plaintiff's coemployee and he cannot recover of defendant.

Now, August 3, 1908, the motion for judgment non obstante veredicto is granted.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*W. D. Wallace,* with him *Chas. E. Mehard,* for appellant.

*J. Norman Martin,* for appellee.

PER CURIAM, October 25, 1909:
The judgment is affirmed on the opinion of the court below.